IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| BENJIE F. JOHNSON *et al*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | Civil Action No. 1:10-CV-385 |
| v. | § | |
| | § | |
| HOPE VILLAGE APARTMENTS *et al*, | § | JUDGE RON CLARK |
| | § | |
| *Defendants*. | § | |

## ORDER GRANTING DEFENDANT GENE LIM'S MOTION TO DISMISS

Plaintiffs Benjie F. Johnson and Derwin O. Johnson filed suit against Hope Village

Apartments *et al*, alleging federal claims under 42 U.S.C. § 1983 and state claims for wrongful

eviction, slander, breach of contract, tortious interference with contract, defamation, and civil

conspiracy, all stemming from Plaintiffs' alleged eviction from a federally-assisted apartment

complex. Defendant Gene Lim now moves to dismiss the claims against him under Fed. R. Civ.

P. 12(b)(2), arguing that there is no personal jurisdiction over him. Plaintiffs have not

responded. A party failing to respond to a motion is assumed not to oppose it. L.R. CV-7(d).

The contacts of Exotic Meson States LLC and/or Lim Holdings, LLC cannot be imputed

to Mr. Lim for jurisdictional purposes. Mr. Lim's sole remaining contact with Texas is a passive

18% ownership interest in a parcel of land around the Dallas/Fort Worth area, which he does not

manage and in fact is managed by individuals not under his control. This contact supports

neither general jurisdiction, as it is not "continuous and systematic," nor specific jurisdiction, as

Plaintiffs' claims are not related to or arise out of a piece of land located in North Texas. As

Plaintiffs have failed to respond to the motion to dismiss, the court can only assume they do not disagree.  Mr. Lim's motion to dismiss is granted.

## I.  BACKGROUND

According to Plaintiffs' Complaint, Benjie Johnson and his son, Derwin Johnson, were wrongfully evicted from their apartment in the Hope Village Apartment complex in Jasper, Texas.  The Complaint, despite being fifty-five pages in length, is somewhat unclear as to what claims are being asserted against which Defendants.  The only time any Defendant named "Lim" is mentioned by name in Plaintiffs' claims is under the heading of "Civil Rights Violations, 42 U.S.C. § 1983," when Plaintiffs allege that "Lim" intentionally inflicted emotional distress on them.  Doc. # 1, at ¶ 120.  There are two "Lim" Defendants: Lim Holdings and Mr. Lim.  The generic "Defendants" is used for the remainder of Plaintiffs' claims, with the exception of those alleging civil conspiracy.

Mr. Lim, a California citizen, submitted an affidavit with his motion to dismiss that Hope Village is partly owned by Texas limited liability company Exotic Meson States LLC, and that Exotic Meson does business as Hope Village.  Def. Mot. Dismiss, Ex. A at 1 [Doc. # 6].  Mr. Lim is a member and manager of both Exotic Meson and Lim Holdings, LLC.  *Id.*  Despite Plaintiffs' allegations to the contrary, Mr. Lim asserts that Lim Holdings does not own any portion of Hope Village.  *Id.* at 2.  In his individual capacity, Mr. Lim also owns 18% of a single parcel of property in the Dallas/Fort Worth area of Texas, which is managed by individuals not under his control.  *Id.*

## II. APPLICABLE LAW

Plaintiffs bear the burden of demonstrating that the court has personal jurisdiction over

Mr. Lim. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). A federal

court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if two

requirements are met: (1) the long-arm statute of the forum state confers personal jurisdiction

over the defendant; and (2) the exercise of such jurisdiction by the forum state is consistent with

due process under the Fourteenth Amendment of the United States Constitution. *See*

*Electrosource, Inc. v. Horizon Battery Technologies, Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999).

Because the Texas long arm statute has been interpreted to extend to the limits of due process,

the only question is whether Mr. Lim's contacts with Texas are sufficient to satisfy due process.

*See Cent. Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 326 (5th Cir. 2003).

The Supreme Court has interpreted due process as requiring that a defendant has

purposefully established "minimum contacts" with the forum state. *See Asahi Metal Indus. Co.*

*v. Superior Court*, 480 U.S. 102, 112-13, 107 S. Ct. 1026, 1032 (1987). "Minimum contacts can

be established either through contacts sufficient to assert specific jurisdiction, or contacts

sufficient to assert general jurisdiction." *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208,

215 (5th Cir. 2000). General jurisdiction "will attach where the nonresident defendant's contacts

with the forum state, although not related to the plaintiff's cause of action, are 'continuous and

systematic.'" *Id.*

Specific jurisdiction exists if the cause of action is related to, or arises out of, Mr. Lim's

contacts with Texas, and those contacts meet the due process standard. *Ruston Gas Turbines, Inc.*

*v. Donaldson Co., Inc.,* 9 F.3d 415, 418-19 (5th Cir. 1993); *see also Guidry v. United States*

*Tobacco Co., Inc.*, 188 F.3d 619, 632-33 (5th Cir. 1999) (analysis of specific jurisdiction is a three part test: (1) whether Defendant has minimum contacts with Texas, purposely directing his activities toward Texas or purposely availing itself of the privilege of conducting activities in Texas; (2) whether Plaintiffs' cause of action arose out of, or resulted from, Defendant's Texas contacts; and (3) whether exercising personal jurisdiction would be reasonable and fair.).

Analysis of the third factor, whether exercise of jurisdiction is reasonable and fair, requires the court to balance: (1) the burden upon the Mr. Lim, (2) the interests of the forum state of Texas, (3) Plaintiffs' interest in securing relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interests of the several States in furthering fundamental substantive social polices. *Cent. Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 385 (5th Cir. 2003).

### III.  DISCUSSION

Taking Plaintiffs' Complaint in its entirety, they allege that jurisdiction is proper over Mr. Lim because Hope Village is owned by Lim Holdings and Exotic Meson, which are in turn owned by Mr. Lim.  Doc. # 1, at ¶ 23.  Mr. Lim represents in his motion to dismiss that he is a manager and member of both Lim Holdings and Exotic Meson, but that Lim Holdings has no ownership interest in Hope Village or connection to the incident that forms the basis for Plaintiffs' suit.  Because Plaintiffs have opted not to respond to Mr. Lim's motion to dismiss, the court can only conclude that they do not disagree.

According to Mr. Lim, other than his connection with Exotic Meson, which partly owns Hope Village, the only other contact he has with Texas is a passive 18% ownership interest in a

parcel of land located in the Dallas/Fort Worth area.  Again, because Plaintiffs have not

responded, they are assumed not to dispute that this is Mr. Lim's only other contact with Texas.

**A.  Mr. Lim's role as manager and member of Exotic Meson cannot be considered a contact with Texas for jurisdictional purposes**

The fiduciary shield doctrine "prohibits the attribution of corporate acts to corporate

officers." *Gen'l Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 794 (5th

Cir. 2007) (citing *Siskind v. Villa Found. for Educ., Inc.*, 642 S.W. 2d 434, 437-38 (Tex. 1982))

(where the corporate actor was a limited liability corporation).  The *Wireless Toyz* court

appended a caveat, noting that where the officer is sued in his individual capacity, he can be held

personally liable for tortious conduct based on contacts with the forum state that were in

connection with his acts as corporate officer.  *Id.* at 795; *see also Donovan v. Grim Hotel Co.*,

747 F.2d 966, 973 (5th Cir. 1984).

"Procedurally, the party invoking the jurisdiction of a federal court bears the burden of

establishing minimum contacts justifying the court's jurisdiction over a nonresident defendant."

*Guidry*, 188 F.3d at 625.  This burden is not an onerous one—on a motion to dismiss where the

court does not hold an evidentiary hearing, "the nonmoving party need only make a prima facie

showing, and the court must accept as true the nonmover's allegations and resolve all factual

disputes in its favor."  *Id.*  Here, based on their Complaint, Plaintiffs cannot meet even that

burden.

In finding that the fiduciary shield doctrine applied, the *Siskind* court specifically noted

the lack of particular acts attributed to individual Defendants, and the lack of any allegation that

the individual Defendants were an alter ego of the corporation.  *Siskind*, 642 S.W.2d at 437.

As already noted, Plaintiffs' Complaint in this case is somewhat unclear as to how Mr. Lim is being sued. The Complaint alleges only that Mr. Lim owned Lim Holdings and Exotic Meson, and that these entities owned Hope Village Apartments. Doc. # 1, at ¶ 23. The only other potentially relevant statement in the entire Complaint comes in Paragraph 120, where Plaintiffs state that "Defendants Chang, Faison, and Lim intentionally inflicted emotional distress on Plaintiff." There is no indication whether "Lim" refers to Mr. Lim, or co-Defendant Lim Holdings, or of how Mr. Lim could have possibly inflicted emotional distress on Plaintiffs in his individual capacity. Further, the statement comes not under a claim of intentional infliction of emotional distress, but a claim of violation of civil rights. The allegation therefore seems somewhat unconnected to the claim being asserted.

Neither does Plaintiffs' Complaint allege that Lim Holdings/Exotic Meson is the alter ego of Mr. Lim. At most, Plaintiffs suggest that Hope Village, Lim Holdings, and Exotic Meson "operate as a single business entity." Doc. # 1, at ¶ 6. Not only does this statement not allege that any of these entities are Mr. Lim's alter ego, it is also incorrect insofar as Mr. Lim states that Lim Holdings does not have an ownership interest in Hope Village and Plaintiffs have not bothered to respond to the contrary.

In short, the court concludes that the contacts of Exotic Meson and/or Lim Holdings cannot be imputed to Mr. Lim for jurisdictional purposes.

**B.      Mr. Lim in his individual capacity does not have sufficient contacts with Texas for exercise of either general or specific jurisdiction**

The only other contact Mr. Lim has with Texas is his passive 18% ownership interest in a parcel of land in the Dallas/Fort Worth area. Mr. Lim states in his affidavit that the parcel is

managed by individuals not under his control, and that he has no control over the property. Def.

Mot. Dismiss, Ex. A at 2. Further, Mr. Lim asserts that he: owns no other property in Texas;

conducts no business in Texas; directs no advertising toward Texas or its residents; solicits no

business in Texas or with its residents; does not have a registered agent for service, employees,

agents, or independent contractors in Texas; orders no employees, agents, or independent

contractors to go to Texas for any purposes; owned any bank account in Texas; traveled to Texas;

been a party to another litigation in Texas; maintained a telephone number or address in Texas;

or entered into any contract that was performable in Texas. *Id.* Because Plaintiffs have not

responded, they are assumed not to dispute Mr. Lim's statements.

      1.     *General jurisdiction does not apply*

General jurisdiction exists only if Mr. Lim's contacts with Texas, even though unrelated

to Plaintiffs' claims, are "continuous and systematic." *Alpine View*, 205 F.3d at 215. A passive

18% ownership interest in a piece of land in Texas, where Mr. Lim does not manage or have any

control over the parcel's management, does not constitute "continuous and systematic" contacts.


      2.     *Specific jurisdiction does not apply*

Specific jurisdiction exists only if the cause of action is related to, or arises out of, Mr.

Lim's contacts with Texas, and those contacts meet the due process standard. *Ruston Gas*

*Turbines,* 9 F.3d at 418-19. Here, there is no suggestion that Plaintiffs' claims relating to their

allegedly wrongful eviction from an apartment complex in Jasper, Texas are somehow related or

arise out of Mr. Lim's ownership interest in land located around the Dallas/Fort Worth area.

This conclusion is reinforced by the fact that Mr. Lim's interest in this land was raised by him in

the motion to dismiss, but was not so much as hinted at in Plaintiffs' exhaustive Complaint. Plaintiffs apparently did not consider it sufficiently related to their claims to give rise to jurisdiction, and the court concurs.

## IV.  CONCLUSION

Even keeping in mind the relatively light burden Plaintiffs must satisfy to establish jurisdiction at this stage of the litigation, the court grants Mr. Lim's motion to dismiss.  The contacts of Exotic Meson States LLC and/or Lim Holdings, LLC cannot be imputed to Mr. Lim for jurisdictional purposes, and his only other contact with Texas is a passive 18% ownership interest in a parcel of land around the Dallas/Fort Worth area, which is managed by individuals not under his control.  This contact does not support general jurisdiction, as it is not "continuous and systematic."  Neither does it support specific jurisdiction, as Plaintiffs' claims are not related to or arise out of a piece of land located in North Texas.   Because Plaintiffs have failed to respond to the motion to dismiss, the court can only assume they do not disagree.

IT IS THEREFORE ORDERED that Defendant Gene Lim's Motion to Dismiss [Doc. # 6] is GRANTED.  Plaintiffs Benjie F. Johnson and Derwin O. Johnson's claims against Mr. Lim are DISMISSED.

So **ORDERED** and **SIGNED** this **3**   day of **November, 2010.**

_____
Ron Clark, United States District Judge