** NOT FOR PRINTED PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| BENJIE F. JOHNSON *et al*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | Civil Action No. 1:10-CV-385 |
| v. | § | |
| | § | |
| HOPE VILLAGE APARTMENTS *et al*, | § | JUDGE RON CLARK |
| | § | |
| *Defendants*. | § | |

## ORDER ON DISCOVERY MOTIONS

Plaintiffs Benjie F. Johnson and Derwin O. Johnson filed suit against Hope Village Apartments *et al*, alleging a variety of federal and state claims against multiple Defendants, all stemming from Plaintiffs' alleged eviction from a federally-assisted apartment complex. The court subsequently dismissed Plaintiffs' claims against Defendants Department of Housing and Urban Development—Office of the Inspector General; Shaun Donovan, Secretary of the United States Department of Housing and Urban Development; United States of America; and Louis Chang (collectively "Governmental Defendants"). Doc. # 106.

Currently pending before the court are a slew of discovery motions filed by the parties between June 1, 2011 and August 2, 2011. For the reasons discussed below, the court will: (1) grant in part Doc. # 80; (2) grant Doc. # 88; (3) deny Docs. # 83 and 84 for lack of standing; and (4) deny Docs. # 87 and 94 as moot. An Order will be forthcoming on the two remaining discovery motions, Docs. # 92 and 102.

**I. Plaintiffs' June 1, 2011 Motion for Protective Order [Doc. # 80] is Granted in Part**

This motion requests that the court enter a protective order sealing the deposition testimony

of Plaintiff Benjie Johnson until August 2014, pursuant to Fed. R. Civ. P. 26(c)(1)(F). The

background of Plaintiffs' request can be found in Doc. # 58, in which the court denied Plaintiffs'

request for a stay of discovery as to Benjie or as to the case entirely, and to limit adverse inferences.

Plaintiffs' appeal of that Order, via a petition for writ of mandamus to the Fifth Circuit, was denied.

While the court did not discount entirely the possibility of sealing Benjie's transcript in its prior

Order, Plaintiffs were to have "specific reasons" for so requesting in the future. Doc. # 58 at 8.

Under Fed. R. Civ. P. 26(c), the court may, for good cause, issue an order to protect a party

from annoyance, embarrassment, oppression, or undue burden/expense. Generally, discovery is

limited to non-privileged matter that is relevant to a party's claim or defense.  Rule 26(b)(1).

Plaintiffs assert that they seek to prevent the dissemination of Benjie's deposition testimony

for use in any future criminal prosecution[1] and to third parties not a part of this litigation. However,

upon reading Benjie's deposition transcript, many of his responses to substantive questions are

nothing more than the invocation of his Fifth Amendment rights.[2] The court is not sure what purpose

sealing a transcript that consists of little other than Plaintiffs' counsel instructing him not to answer

would serve.

The Hope Village Defendants—the only remaining Defendants in the case—state that they

will not make Benjie's deposition public, but instead intend to use the transcript to defend this

---

[1]It is the court's understanding that the current criminal prosecution against Benjie has
been dismissed. *See* Doc. # 102 at 2.

[2]*See, e.g.*, Doc. # 82 at 178:23-190:17.

lawsuit. They do not oppose an order that would prohibit the dissemination of Benjie's deposition transcript to people other than the named Defendants, their counsel, and their insurers.

In light of the Hope Village Defendants' statement, the court will grant the motion in part and allow the transcript of all depositions taken of Benjie Johnson to be provided only to the named Defendants, their counsel, and their insurers. However, portions of the transcript attached to documents filed with the court are not automatically sealed. Plaintiffs have not shown good cause to seal Benjie's deposition transcript. The court will also grant Plaintiffs' request to file a late reply to Defendants' response.

**II. Hope Village Defendants' June 7, 2011 Motions for Protective Order on Plaintiffs' Notice of Oral/Video Depositions of (1) Designated Representative of Southwest Housing Compliance Corp. and (2) Designated Representative of HUD-OIG [Docs. # 83, 84] are Denied for Lack of Standing**

The Hope Village Defendants move for protective orders on Plaintiffs' Notice of Oral/Video Deposition of the designated representatives of Southwest Housing Compliance Corp. and HUD-OIG. Neither motion has been responded to. A party failing to respond to a motion is assumed not to oppose it. Local Rule CV-7(d).

With respect to the first motion, the Hope Village Defendants argue that Plaintiffs served the deposition notice on non-party Southwest Housing Compliance Corp ("SHCC"), seeking to depose representatives of, and obtain documents from, SHCC on several broad topics that primarily pertain to tenants other than Plaintiffs or seek an expert opinion. At the time the motion was filed, the deposition was set for July 6, 2011.

To the extent that the motion is not moot—the Hope Village Defendants represented that the date of the deposition was likely to be changed—the court will deny the motion for lack of standing.

There is no indication why the Hope Village Defendants would have standing to request a protective order for a third party. While a party has standing to quash a third party deposition if a personal right or privilege is implicated[3], there is no indication in the record that this is the case.[4]

With respect to the second motion, the Hope Village Defendants argue that Plaintiffs served the deposition notice on then-parties HUD and HUD-OIG, seeking to depose representatives of this agency on overly broad topics or topics that seek an expert opinion. At the time the motions were filed, the depositions were set for June 28 and July 5, 2011. Again, the deposition dates appeared to be somewhat of a moving target.

To the extent that the motion is not moot, because the Governmental Defendants have now been dismissed, the court will again deny the motion for lack of standing. There is no indication in the record that the Hope Village Defendants would have standing to seek a protective order barring the deposition of Defendants with whom they are not affiliated.

### III. The Governmental Defendants' June 20 and July 7, 2011 Motions for Protective Order to Stay or Limit the Deposition/Discovery of HUD Representatives [Doc. # 87, 94] are Denied as Moot

As the Governmental Defendants have now been dismissed from the case, the court will deny the motions as moot.

---

[3]*See, e.g., Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *Catskill Development L.L.C. v. Park Place Entertainment Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002) (bank account records); *CSX Transp., Inc. v. Gilkison*, 2009 WL 2985594 (N.D.W.Va. Sept. 15, 2009) (referring to cases involving employer business records, employment records, bank account, and credit card records); *DirecTV, Inc. v. Richards*, 2005 WL 1514187 (D.N.J. Jun. 27, 2005) (bank account records).

[4]However, for the parties' future reference, the court would note that the topics noticed appear to be overbroad and/or irrelevant. Several, for instance, seek information which could only be relevant to Plaintiffs' claims against the now-dismissed Governmental Defendants.

However, since Plaintiffs no longer have any viable claims against the Governmental Defendants, the court does not see that the deposition of, or any discovery directed toward, any representative of HUD or HUD-OIG has any relevance whatsoever to Plaintiffs' remaining claims against the Hope Village Defendants. The court does not expect to see any discovery in the future directed by Plaintiffs at the now-dismissed Governmental Defendants, without an extremely strong showing of good cause on the Plaintiffs' part that the discovery is necessary. Absent such a compelling reason, Plaintiffs are put on notice that if future discovery is attempted and the court denies such discovery, Plaintiffs may be required to pay the costs and attorney's fees associated with the discovery and motion practice, if any.

IT IS THEREFORE ORDERED that Plaintiffs Benjie and Derwin Johnson's Motion for Protective Order [Doc. # 80] is GRANTED IN PART. The transcript of all depositions taken of Benjie Johnson will be disclosed only to the named Defendants, their counsel, and their insurers.

IT IS FURTHER ORDERED that Plaintiffs' Motion to File Late Reply [Doc. # 88] is GRANTED.

IT IS FURTHER ORDERED that the Hope Village Defendants' Motions for Protective Order [Docs. # 83, 84] are DENIED.

IT IS FURTHER ORDERED that the Governmental Defendants' Motions for Protective Order [Docs. # 87, 94] are DENIED.

So **ORDERED** and **SIGNED** this **30** day of **August, 2011.**

_____
Ron Clark, United States District Judge