**\*\* NOT FOR PRINTED PUBLICATION \*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| BENJIE F. JOHNSON *et al*, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | Civil Action No. 1:10-CV-385 |
| v. | § | |
| | § | |
| HOPE VILLAGE APARTMENTS *et al*, | § | JUDGE RON CLARK |
| | § | |
| *Defendants*. | § | |

### ORDER GRANTING DEFENDANTS' MOTION TO QUASH AND DENYING PLAINTIFFS' MOTION TO ENLARGE THE NUMBER OF DEPOSITION HOURS

Plaintiffs Benjie F. Johnson and Derwin O. Johnson filed suit against Hope Village Apartments *et al*, alleging a variety of federal and state claims against multiple Defendants, all stemming from Plaintiffs' alleged eviction from a federally-assisted apartment complex. The Hope Village Defendants have now filed an emergency motion to quash five deposition notices for depositions set on November 2-4, 2011, primarily on the grounds that Plaintiffs have exceeded the 35 hours allotted under the Scheduling Order for deposition time. Plaintiffs argue that although they have already used 38 hours in deposition, good cause exists to permit them an extra 10 hours to depose three additional witnesses.

The court discussed the number of hours the parties would be permitted for depositions at length during the November 15, 2010 Case Management Conference. Tr. at 17:1-24:11 [Doc. # 38]. The court stated that it would allow each side 35 hours and "that is actually quite a bit for a case like this." *Id.* at 24:6-10.

Despite this limit, Plaintiffs now seek 10 additional hours of deposition time. However, the court's opinion has not changed: Plaintiffs were allotted 35 hours, and have admittedly used 38.[1] The only remaining Defendants recently filed a motion for summary judgment, to which Plaintiffs have responded. Trial is in February 2012, and at this point, Plaintiffs should be planning for trial rather than attempting to squeeze in additional depositions before discovery closes on November 7, 2011.

The court recently reminded Plaintiffs that it would not be inclined to increase the allotted deposition time "absent a compelling reason." Doc. # 128 at 3 n.2. Plaintiffs' motion does not provide the requisite compelling reason or, indeed, any good reason at all. There is no persuasive showing that the depositions are needed to respond to the motion for summary judgment; indeed, while the court assumed for purposes of Plaintiffs' recent motion to extend their summary judgment response deadline that the discovery sought was needed, the court noted that this was a questionable assumption, as the discovery sought seemed to be irrelevant and/or duplicative of what Plaintiffs already had. *Id.* at 2 n.1. It is of course possible to examine or cross-examine a witness at trial whose deposition has not been taken.

The court considered, and rejected, Plaintiffs' argument that they should have 70 hours to depose witnesses at the November 2010 Case Management Conference. This is not as complex a case as Plaintiffs consistently attempt to make it out to be—it is essentially a wrongful eviction case, and given the underlying facts, 45 hours of deposition time is excessive.

If Plaintiffs thought that the depositions of Louis Chang, Garret Gilliam, and Defendants' unnamed "liability expert witness" were important, they should have planned to take the depositions

---

[1] The Hope Village Defendants agreed to allow Plaintiffs three extra hours before this dispute was brought to the court.

earlier or, at a minimum, saved some of the allotted time to depose these supposedly key witnesses, rather than simply assume that the court would grant extra time. No explanation is provided for Plaintiffs' failure to do so. The court will therefore grant Defendants' motion to quash and deny Plaintiffs' motion for additional deposition hours.

IT IS THEREFORE ORDERED that Defendants Hope Village Apartments *et al*'s Emergency Motion to Quash [Doc. # 130] is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs Benjie F. Johnson and Derwin O. Johnson's Motion to Enlarge the Number of Hours of Deposition Testimony [Doc. # 132] is DENIED.

So **ORDERED** and **SIGNED** this **1**   day of **November, 2011.**

_____
Ron Clark, United States District Judge